# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **WAYMO LLC, a Delaware company,** § § § **Plaintiff** § § § **vs.** § § **WAYMO LLC, a Florida company,** § § § **Defendant.** § § § § | **CASE NO.** |

## COMPLAINT

Plaintiff Waymo LLC, a Delaware company ("Plaintiff") brings this action against defendant Waymo LLC, a Florida company ("Defendant"), alleging that Defendant is engaging in trademark infringement, trademark dilution, false designation of origin, and unfair competition.

## THE PARTIES

1. Plaintiff Waymo LLC is a Delaware limited liability company, is a subsidiary of Alphabet Inc., and has its principal place of business in Mountain View, California 94043. Plaintiff is a self-driving technology company with a mission to make it safe and easy for people and things to move around.

2. On information and belief, Defendant Waymo LLC is a limited liability company with its principal place of business in Clearwater, Florida 33760. Defendant sells consumer goods, including medical and automotive accessories.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's claims for trademark infringement and related claims pursuant to 15 U.S.C. § 1121 (Lanham Act) and 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark), and 1338(b) (related claims of unfair competition).

4. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of Florida pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

5. This Court has personal jurisdiction over Defendant because Defendant resides and does business in this district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) Defendant's principal place of business is in the Middle District of Florida, and/or (b) a substantial part of the events giving rise to Plaintiff's claims occurred in the Middle District of Florida.

**FACTUAL BACKGROUND**

7. Plaintiff is a technology company currently developing innovative and cutting-edge products and services. Plaintiff's mission is to make it safe and easy for people and things to move around; it aims to create fully-self driving technology that will improve mobility options for millions of people, including the elderly and people with disabilities (see https://waymo.com/mission/).

8. Since as early as 2016, Plaintiff has used the mark WAYMO in commerce in connection with various offerings, including, for example, autonomous vehicles and related

2

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

144757311.8

transportation services, computer software, lidar and other sensors, apparel, merchandise, and other related products and services (the "WAYMO Mark").

9. One of Plaintiff's goals is to provide mobility for the elderly and people with disabilities. In 2015, Steve Mahan, a person who is legally blind, participated in the world's first fully driverless ride on public roads, which was conducted by Plaintiff. The ride was held on a public road and was not accompanied by a test driver or police escort. Since that time, Plaintiff has continued to invest in and explore ways to provide greater transportation opportunities to the elderly and people with disabilities.

10. Plaintiff also owns several trademark applications for the WAYMO Mark covering a wide range of goods, including those listed below: Serial Nos. 87/265,179, 87/310,350, 87/534,077, and 88/223,320.

| Mark | Status & App. Info | Goods and Services |
|---|---|---|
| WAYMO | Pending<br>**App** 87265179<br>**App** 12-DEC-2016<br>**Priority Date:** 16-NOV-2016 | **INT. CL. 9** COMPUTER HARDWARE; COMPUTER SOFTWARE FOR OPERATING AN AUTONOMOUS VEHICLE; COMPUTER SOFTWARE FOR VEHICLE NAVIGATION; COMPUTER SOFTWARE FOR VEHICLE FLEET MANAGEMENT; COMPUTER SOFTWARE FOR COORDINATING, SCHEDULING, BOOKING, AND DISPATCHING VEHICLES FOR PASSENGER AND FREIGHT TRANSPORT; COMPUTER SOFTWARE FOR MANAGING FREIGHT TRANSPORTATION BY TRUCK AND AUTONOMOUS VEHICLES; NAVIGATION APPARATUS FOR VEHICLES; ELECTRIC AND OPTICAL NAVIGATIONAL INSTRUMENTS; STEERING APPARATUS, AUTOMATIC, FOR VEHICLES, NAMELY, COMPUTER HARDWARE AND OPERATIONAL SOFTWARE FOR STEERING VEHICLES<br>**INT. CL. 12** LAND VEHICLES; AUTOMOBILES; AUTONOMOUS CARS; AUTONOMOUS LAND VEHICLES; STEERING APPARATUS, AUTOMATIC, FOR VEHICLES, NAMELY, ELECTRIC STEERING GEARS<br>**INT. CL. 38** TELECOMMUNICATION SERVICES, |

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191
144757311.8

| | | |
|---|---|---|
| | | NAMELY, TELECOMMUNICATION ACCESS SERVICES; TELECOMMUNICATION SERVICES, NAMELY, ROUTING CALLS AND MESSAGES TO PASSENGERS<br>**INT. CL. 39** PASSENGER TRANSPORTATION SERVICES; TRANSPORTATION SERVICES, NAMELY, MAKING RESERVATIONS AND BOOKINGS FOR TRANSPORTATION; TRANSPORTATION OF PASSENGERS BY VEHICLE; TRANSPORTATION SERVICES, NAMELY, PROVIDING TEMPORARY USE OF VEHICLES; TRANSPORTATION SERVICES, NAMELY, PROVIDING VEHICLE FLEET MANAGEMENT IN THE NATURE OF FUEL MANAGEMENT SERVICES FOR VEHICLES, VEHICLE MANAGEMENT, BUSINESS MANAGEMENT RELATING TO VEHICLES, AND TRACKING, LOCATING, AND MONITORING SERVICES RELATED TO VEHICLES; PASSENGER TRANSPORTATION SERVICES, NAMELY, TRAVEL BY AUTONOMOUS VEHICLES; CAR RENTAL SERVICES; TRANSPORT RESERVATION SERVICES; FREIGHTING SERVICES; FREIGHT TRANSPORTATION BY TRUCKS AND AUTONOMOUS VEHICLES; TRANSPORTATION OF PASSENGERS AND FREIGHT; PASSENGER TRANSPORT; PROVIDING A WEBSITE FEATURING INFORMATION REGARDING AUTONOMOUS CAR TRANSPORTATION SERVICES AND SCHEDULING TRANSPORTATION SERVICES<br>**INT. CL. 42** PROVIDING ONLINE NON-DOWNLOADABLE SOFTWARE SERVICES FOR TRANSPORTATION SERVICES, NAMELY, COORDINATING, BOOKING, AND DISPATCHING AUTONOMOUS VEHICLES; PROVIDING ONLINE NON-DOWNLOADABLE SOFTWARE SERVICES FOR COORDINATING FREIGHT TRANSPORTATION BY TRUCK AND AUTONOMOUS VEHICLES; RESEARCH AND DEVELOPMENT INTO AUTONOMOUS VEHICLES |
| WAYMO | Pending<br>**App** 87310350<br>**App** 23-JAN-2017 | **INT. CL. 9** RADAR APPARATUS; LASERS, NOT FOR MEDICAL PURPOSE; LASER DEVICE FOR SENSING DISTANCE TO OBJECTS; LASER EQUIPMENT FOR NON-MEDICAL PURPOSES; LASER MEASURING SYSTEMS; LASER OBJECT DETECTORS FOR USE ON VEHICLES; LASERS FOR MEASURING PURPOSES; LIDAR (LIGHT DETECTION AND |

4

| | | |
|---|---|---|
| | | RANGING APPARATUS) |
| WAYMO | Pending<br>**App** 87534077<br>**App** 19-JUL-2017 | **INT. CL. 9** DOWNLOADABLE MOBILE APPLICATIONS FOR COORDINATING TRANSPORTATION SERVICES; DOWNLOADABLE MOBILE APPLICATIONS FOR COORDINATING, SCHEDULING, BOOKING, AND DISPATCHING VEHICLES FOR PASSENGER AND FREIGHT TRANSPORT AND DELIVERY SERVICES; COMPUTER SOFTWARE AND HARDWARE FOR VEHICLE FLEET LAUNCHING, COORDINATION, CALIBRATING, DIRECTION, AND MANAGEMENT; VEHICLE SAFETY AND DETECTION EQUIPMENT AND HARDWARE, NAMELY, CELLULAR RADIO MODULES, TEMPERATURE AND ENVIRONMENTAL SENSORS FOR MEASURING THE PRESENCE OF OBJECTS IN THE ENVIRONMENT AND THE SPEED, TRAJECTORY, AND HEADING OF OBJECTS, SENSOR COVERS, INDICATORS FOR DETECTING SPEED, OBJECTS, AND THE SPEED, TRAJECTORY, AND HEADING OF OBJECTS, TRANSMITTERS AND RECEIVERS OF ELECTRONIC SIGNALS, BRAKE CONTROLLER; VEHICLE DETECTION EQUIPMENT IN THE NATURE OF MONITORING DEVICES FOR VEHICLES, NAMELY, CAMERAS, GLOBAL POSITIONING SYSTEM (GPS) RECEIVERS, AND DEVICES FOR MONITORING VEHICLE FUNCTIONS, THE PRESENCE OF OBJECTS IN THE ENVIRONMENT, AND THE SPEED, TRAJECTORY, AND HEADING OF OBJECTS<br>**INT. CL. 12** VEHICLE PARTS AND FITTINGS, NAMELY, STRUCTURAL PARTS FOR AUTOMOBILES AND STEERING UNITS FOR LAND VEHICLES AND PARTS THEREOF; VEHICLE EQUIPMENT AND HARDWARE, NAMELY, ROOF BOXES FOR VEHICLES; VEHICLE ANTI-THEFT AND SECURITY EQUIPMENT, NAMELY, ANTI-THEFT DEVICES FOR VEHICLES<br>**INT. CL. 39** FREIGHT LOGISTICS MANAGEMENT; LEASING OF VEHICLES; LEASING OF AUTOMOBILES; TRANSPORT AND DELIVERY OF GOODS; SUPPLY CHAIN LOGISTICS AND REVERSE LOGISTIC SERVICES, NAMELY, STORAGE, TRANSPORTATION, AND DELIVERY OF GOODS FOR OTHERS BY LAND; TRANSPORTATION SERVICES, NAMELY, COORDINATING THE PICKUP AND DROPOFF OF PASSENGERS AT DESIGNATED |

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191
144757311.8

|  |  | OR DIRECTED LOCATIONS BY LAND |
|---|---|---|
| WAYMO | PENDING<br>**App** 88223320<br>**App** 10-DEC-2018 | INT. CL. 9 EYEWEAR<br>INT. CL. 18 BAGS, NAMELY, ALL-PURPOSE CARRYING BAGS<br>INT. CL. 21 MUGS; WATER BOTTLES SOLD EMPTY<br>INT. CL. 22 LANYARDS FOR HOLDING BADGES<br>INT. CL. 25 APPAREL, NAMELY, T-SHIRTS, SHIRTS, JACKETS, SWEATSHIRTS, VESTS, HATS, SCARVES, ONE PIECE GARMENTS AND PLAYSUITS FOR INFANTS, TODDLERS, AND CHILDREN |

11. In 2009, Google Inc. ("Google") initiated its self-driving car project. Google made its self-driving car project public in 2010, and the project immediately garnered immense publicity and interest.

12. By October 2010, Google's self-driving cars had navigated from the Bay Area to Los Angeles, crossed the Golden Gate Bridge, driven the Pacific Coast Highway, and circled Lake Tahoe, logging over 140,000 miles - a first in robotics research at the time.

13. In 2016, Google's self-driving car project spun off to become Plaintiff Waymo, a stand-alone company.

14. Plaintiff's self-driving vehicles have now navigated more than ten million miles on public roads and more than ten billion miles in simulation, including traveling through numerous states and major cities across the U.S., including those in Arizona, California, Georgia, Michigan, Nevada, Texas, and Washington.

15. Because of the public's intense interest in self-driving technology, Plaintiff being on the frontline of this technology, and the attendant and significant publicity that Plaintiff has therefore attracted, the WAYMO Mark quickly achieved immense consumer recognition and fame due to Plaintiff's use of the WAYMO Mark in connection with its offerings prior to Defendant's incorporation on October 24, 2017.

16. Since Plaintiff was launched as a separate company in 2016, the WAYMO word mark has prominently appeared on Plaintiff's vehicles, website, social media pages, certain frequent pick-up and drop-off locations, mobile apps, and in its marketing and advertising communications. Through Plaintiff's innovative technology and strategic partnerships, the company has expanded its offerings from developing autonomous vehicles to creating the first autonomous ride-hailing service and marketing its ground-breaking lidar technology.

17. Prior to Defendant's incorporation under the "Waymo" trade name in late 2017, Plaintiff and the WAYMO brand had been the focus of hundreds of national news stories. For instance, Plaintiff was and continues to be the focus of several news articles from The New York Times, The Washington Post, The Atlantic, Business Insider, USA Today, Fortune, and many other national news outlets. Illustrative examples of such articles are attached as Exhibits 1-3.

18. Likewise, prior to Defendant's incorporation under the "Waymo" trade name, Plaintiff was and continues to be the focus of several articles from prominent Florida newspapers, including for instance, South Florida Sun Sentinel, Orlando Sentinel, and Tampa Bay Times. Illustrative examples of such articles are attached as Exhibits 4-5.

19. Plaintiff was also featured on national television, including being spotlighted in a comedy skit on Jimmy Kimmel Live on ABC (see https://twitter.com/JimmyKimmelLive/status/1001949081269297152).

20. Plaintiff has also marketed its goods and services on national platforms like YouTube, with multiple videos that have each garnered millions of views.

21. Plaintiff's WAYMO Mark is inherently distinctive, has acquired secondary meaning, and is famous.

**Defendant's Infringement**

22. On information and belief, Defendant incorporated under the trade name "Waymo" on October 24, 2017.

23. Defendant markets and sells various products using the mark WAYMO, including medical accessories and other related products. Defendant offers its products online, including through a "Waymo LLC" storefront on the online retailer Amazon.com.

24. Defendant sells its goods under the trade name "Waymo" and is using the WAYMO mark to identify the goods sold by Defendant. Defendant currently offers hundreds of products under the name Waymo LLC on Amazon.com, examples of which are shown below:





25. Defendant also sells accessories for use in automobiles under the trade name "Waymo", as shown below.



26. On information and belief, Defendant's products are available nationwide through Defendant's online storefront, including throughout Florida and in this district.

27. On November 16, 2018, Plaintiff sent a letter to Defendant requesting that Defendant cease its use of the WAYMO mark and the "Waymo" trade name. Defendant refused.

28. On information and belief, Defendant intends to continue to expand its use of the WAYMO mark on various offerings, including offerings directed at the disabled and elderly, as well as offerings related to or used with automobiles.

29. Due to the fame of Plaintiff's WAYMO Mark, including widespread news coverage nationally and in Florida and Plaintiff's various trademark applications for the mark, Defendant knew or should have known of the mark and, on information and belief, intentionally selected the WAYMO Mark and the "Waymo" trade name to trade on and benefit from Plaintiff's trademark rights.

9

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

144757311.8

30.     Plaintiff has never authorized Defendant to use the WAYMO Mark or any other intellectual property owned by Plaintiff.

## First Claim

## Common Law Trademark Infringement and Unfair Competition

31.     Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-30 above.

32.     Plaintiff's WAYMO Mark is an enforceable trademark owned by Plaintiff.

33.     Defendant's use of the WAYMO Mark and the "Waymo" trade name is likely to misdirect and cause confusion to consumers, including current and prospective consumers of Plaintiff's offerings.  Defendant's use of the WAYMO Mark and the "Waymo" trade name is likely to confuse a significant number of consumers into believing that Defendant or Defendant's goods and services are sponsored by or are otherwise associated with Plaintiff, or that the parties' goods and services come from a common source.

34.     Defendant knew or should have known of Plaintiff's rights in the WAYMO Mark and has knowingly, willfully, and deliberately used the WAYMO Mark and the "Waymo" trade name in violation of Plaintiff's rights.  Additionally, despite Plaintiff providing notice to Defendant of Plaintiff's rights to the WAYMO Mark, Defendant continues to infringe through its use of the WAYMO Mark and the "Waymo" trade name.

35.     Defendant's foregoing acts constitute common law trademark infringement.

36.     Plaintiff has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms.  Defendant's acts have damaged, and threaten to continue damaging, Plaintiff's reputation and goodwill and put Plaintiff in a position where it cannot control its reputation and goodwill.

## Second Claim

### False Designation of Origin (15 U.S.C. § 1125(a))

37. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-30 above.

38. The foregoing acts of Defendant constitute the use in interstate commerce of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion or mistake, or to deceive, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

39. Defendant knew or should have known of Plaintiff's trademark rights, and Defendant's false description and false designation of origin has been knowing, willful and deliberate, making this an exceptional case within the meaning of 15 U.S.C. §1117.

40. Plaintiff has been and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms. Defendant's acts have damaged, and threaten to continue damaging, Plaintiff's reputation and goodwill and put Plaintiff in a position where it cannot control its reputation and goodwill.

## Third and Fourth Claims

### State and Federal Trademark Dilution (F.S.A. § 495.151 and 15 U.S.C. § 1125(c))

41. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-30 above.

42. The WAYMO Mark is inherently distinctive and/or has acquired distinctiveness through its widespread use by Plaintiff.

43. As demonstrated by the significant publicity that Plaintiff attracts, the WAYMO Mark has achieved immense consumer recognition and fame due to Plaintiff's use of the

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191
144757311.8

WAYMO Mark in connection with its offerings prior to Defendant's use of the WAYMO mark or "Waymo" trade name.

44. Plaintiff's WAYMO Mark is famous in Florida and throughout the United States.

45. Defendant's unauthorized, commercial use of Plaintiff's famous WAYMO Mark commenced after the trademark became famous.

46. Defendant's unauthorized, commercial use of Plaintiff's famous WAYMO Mark dilutes by blurring, or is likely to dilute by blurring, the WAYMO Mark by diminishing the capacity of the trademark to identify and distinguish Plaintiff's goods and services, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c) and F.S.A. § 495.151.

47. Plaintiff has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Waymo LLC respectfully requests judgment as follows:

1. That Plaintiff be awarded Preliminary and permanent injunctive relief pursuant to 15 U.S.C. §1116, including that Defendant and its agents, servants, employees, and all persons in active concert or participation with them, be enjoined and restrained during the pendency of this action and perpetually from:

    a) Using the WAYMO Mark or the "Waymo" trade name and any other confusingly similar marks, trade names, domain names, or source identifiers;

    b) Unfairly competing with Plaintiff Waymo LLC; and

    c) Otherwise infringing any of Plaintiff Waymo LLC's intellectual property rights in any way;

2. Pursuant to 15 U.S.C. § 1118, that Defendant deliver to Plaintiff for destruction, or provide certification that Defendant has destroyed, all material (including, without limitation, all products, catalogs, advertisements, promotional materials, brochures, signs, displays, stationery and business cards), within its possession, custody or control, either directly or indirectly, that bears or uses the infringing marks or any of them, or any other marks, designations, designs or trade dress confusingly similar to Plaintiff's Waymo Mark or the "Waymo" trade name.

3. Pursuant to 15 U.S.C. § 1116(a), that Defendant be directed to file with the Court and serve upon Plaintiff within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in paragraphs 1 and 2 above;

4. Pursuant to 15 U.S.C. § 1117(a) and the common law of unfair competition, that Defendant be directed to account to Plaintiff for all gains, profits and advantages derived from Defendant's wrongful acts;

5. That Plaintiff be awarded damages in an amount to be proven at trial;

6. Pursuant to 15 U.S.C. § 1117(a), that Plaintiff recover from Defendant three times the amount of its profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action;

7. That Defendant be required to pay to Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and as otherwise provided by law; and

8. Such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff Waymo LLC hereby respectfully demands a trial by jury of all issues so triable.

Date:   August 2, 2019              Respectfully submitted,

**LOTT & FISCHER PL**

s/Ury Fischer
Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

and

**PERKINS COIE LLP**

William C. Rava*
Washington Bar No. 29948
E-mail: WRava@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206-359-3315
Facsimile: 206-359-4315

*To be admitted Pro Hac Vice*

***Attorneys for Plaintiff Waymo LLC***